UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| DEXTER JEMISON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 7: 20-156-DCR |
| ) | |
| v. ) | |
| ) | |
| FEDERAL BUREAU OF PRISONS, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondents. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Dexter Jemison (also known as Terry L. Jemison) is currently confined at the United States Penitentiary-Big Sandy in Inez, Kentucky. Proceeding without an attorney, Jemison has filed a pleading styled "Motion under 3582(c)(1)(A)(i) and 924(c) compassionate release First Steps Act and CARES Act Extraordinary and Compelling Circumstances." [Record No. 1][1] For administrative purposes, Jemison's pleading has been docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

This is Jemison's third recent attempt to seek compassionate release from this Court pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *See Jemison v. Federal Bureau of Prisons et al.*, 7:20-cv-144-DCR (E.D. Ky. 2020); *Jemison v. Federal Bureau of Prisons et al.*, 7:20-cv-153-KKC (E.D. Ky. 2020). And as with his prior pleadings, Jemison did not file his petition on a form approved for use by this Court as required by Local Rule 5.3. Likewise, Jemison again

---

[1] Although Jemison originally filed his motion in the United States District Court for the Western District of Kentucky, a habeas petition must be filed in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because USP-Big Sandy is located in this judicial district, the action was transferred here. [Record No. 3]

-1-

failed to pay the $5.00 filing fee as required by 28 U.S.C. § 1914 or file a motion for leave to proceed *in forma pauperis*.

Finally, as with his prior petitions, Jemison's latest construed § 2241 petition will be dismissed because it seeks relief that is unavailable in a § 2241 proceeding.[2] While Jemison's petition requests modification of his sentence pursuant to 18 U.S.C. § 3582, such a motion must be made in the Court that sentenced him. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). *See also Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020) ("[A]lthough the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment.").

Jemison was sentenced by the United States District Court for the Central District of Illinois, not this Court. *See United States v. Dexter Lorantho Jemison (also known as Terry L. Jemison)*, 1:95-cr-10035-JBM-1 (C.D. Ill. 1995); *United States v. Terry Jemison*, 1:00-cr-10007-JBM-2 (C.D. Ill. 2000).[3] In fact, a review of the record in Jemison's criminal case shows that he has been appointed counsel in connection with a motion for compassionate

---

[2] A § 2241 petition is subject to initial screening by the Court as required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

[3] While Jemison's petition suggests that "Terry L. Jemison" is another person, the record in his criminal case is clear that Dexter Lorantho Jemison is also known as Terry L. Jemison. *See United States v. Dexter Lorantho Jemison (also known as Terry L. Jemison)*, 1:95-cr-10035-JBM-1 (C.D. Ill. 1995). Indeed, Jemison has filed *pro se* pleadings using both names and has specifically identified himself as "Mr. Dexter L. Jemison a/k/a: Terry Jemison." *United States v. Terry Jemison*, 1:00-cr-10007-JBM-2 (C.D. Ill. 2000) at Record No. 172.

release he filed in the Central District of Illinois. *See United States v. Jemison*, 1:95-cr-10035-JBM-1 (C.D. Ill. 1995) at Record No. 52, Order at p.3, FN1.

The Court will deny Jemison's § 3582 motion (construed as a § 2241 petition) without prejudice to Jemison's right to continue to pursue relief in the Court that sentenced him. ***However, Jemison should not misinterpret this Court's treatment of his latest motion as approval of his litigation conduct.*** Jemison has now filed substantially similar (and procedurally defective) § 3582 motions three times, despite clear instructions that he may not pursue his request for relief in this Court. Certainly, the Court must afford additional latitude to parties untrained in the law, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), as their misguided actions may be the consequence of inexperience or lack of specialized knowledge rather than borne of a desire to harass or delay. But this forgiving approach to compliance with procedural rules has never "[been] interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Even a court's "special solicitude" towards *pro se* litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Pandozy v. Segan*, 518 F. Supp. 2d 550, 558 (S.D.N.Y. 2007).

Jemison's repeated filing of the same motion with the same procedural and substantive flaws serves no legitimate purpose and places a burden on this Court's limited resources while depriving other litigants with plausible claims of the speedy resolution of the issues they present. Therefore, Jemison is advised that future frivolous or abusive motions may be summarily stricken from the docket. In addition, the Court may impose other sanctions aws may be necessary and appropriate to deter such conduct, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991), including the imposition of monetary sanctions, future filing restrictions,

and/or holding Jemison in contempt of court. *Id*.; *See also* Fed. R. Civ. P. 11 (authorizing sanctions for violations of Rule 11, including for presenting a pleading, motion or other paper for an improper purpose or for presenting factual contentions with no evidentiary support). Accordingly, it is hereby

**ORDERED** as follows:

1. Jemison's "Motion under 3582(c)(1)(A)(i) and 924(c) compassionate release First Steps Act and CARES Act Extraordinary and Compelling Circumstances." [Record No. 1], construed as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: December 18, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky